# HUNTER v STATE OF FLORIDA
## Case No. 88-296CF
Nineteenth Judicial Circuit, Martin County

December 21, 1988

### APPEARANCES OF COUNSEL
Before DWIGHT L. GEIGER, Chief Judge.

### OPINION OF THE COURT

This is an appeal from the County Court of Martin County. The trial judge there on February 2, 1988 denied appellant's motion to withdraw a guilty plea which appellant had entered on November 30, 1984. Appellant appeals the denial of that motion.

Oral argument is dispensed with under provisions of Rule 9.320, Florida Rules of Appellate Procedure.

Appellant contends that the trial judge erred by not allowing appellant to withdraw his guilty plea to the charges of driving while under the influence of alcohol and failure to drive in a single lane. He states that the judge was in error first because appellant was not advised of his right to counsel when he pled guilty and second because

149

the record does not show that appellant entered an otherwise free, voluntary, knowing and intelligent guilty plea under procedure specified in Rule 3.712, Florida Rules of Criminal Procedure.

The State counters appellant's contentions by arguing that the application of the doctrine of laches bars appellant's withdrawing his guilty plea.

The second portion of appellant's claim is disposed of summarily. Simply, there is no evidentiary showing by appellant of actual prejudice that appellant would not have pled guilty if all of the specific steps of Rule 3.712 had been followed. The rule itself provides that under these circumstances the guilty plea is not invalid.

The more significant attack on the trial judge's denial of appellant's motion to withdraw his guilty plea is his contention that the plea should have been set aside because the record of the guilty plea colloquy does not show either that appellant was offered an attorney or that he waived his right to an attorney.

Appellant is correct that the record does not show that the trial judge, before accepting the guilty plea, advised appellant of his right to counsel. Further, appellant neither stated orally that he wished to give up his right to counsel, nor did he execute a written waiver of counsel as required by Rule 3.160(e), Florida Rules of Criminal Procedure. Such a fact pattern normally would dictate that a defendant be allowed to withdraw his guilty plea on his later motion. However in this case we also have the additional fact that over three years passed between the guilty plea and the motion to set it aside.

No factual determination was made at the hearing on appellant's motion to withdraw his guilty plea as to why appellant delayed for so long in bringing his motion to withdraw his guilty plea or whether the state would be improperly prejudiced by appellant's long wait before bringing that motion.

For the above reasons the order of the trial court denying appellant's motion to withdraw his guilty plea and vacate the subsequent judgment and sentence are REVERSED, and the cause is REMANDED to the County Court of Martin County for further proceeding not inconsistent herewith. At a hearing before the trial judge, the State may assert its claim of laches and any other defenses it may have, and the trial court make take evidence and make findings of fact on that claim before further ruling on appellant's motion.

DONE AND ORDERED this 21st day of December, 1988 in chambers.